## NANCY E. TEMPLE *versus* CUTLER PARTRIDGE.

A. sued B. to recover of him damages for obtaining from plaintiff, by fraud, the conveyance of certain lands for less than their value, and proved in the case, that B. received the deed of the lands with covenants of warranty for $350, and sold them two weeks after with like covenants, for $625, to C., who had negotiated for them prior to the conveyance from A. to B.; the title to the same not having been called in question. In defence, B. offered to prove that A.'s title to the lands was derived through a grantor — married at the time of the conveyance, and since deceased — whose widow had not released her right of dower in the premises; that said grantor was seized of his interest in common with other persons, and that there had been no partition thereof: — *Held*, that the testimony offered by the defendant was not admissible.

A grantor is not permitted to prove that his solemn declarations, in covenants of warranty in the deed given by him, are false; no person having asserted any claim to the premises, which, if valid, would constitute an incumbrance.

Unless evidence is before the jury, which, with that offered and excluded, may be sufficient, if found true and viewed in the most favorable light, to establish the proposition for which it is offered, the party offering it cannot be regarded as really prejudiced by the exclusion.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

This was an action of the case brought by the female plaintiff before her marriage, under the name of Nancy E. Temple, alleging that, on the fourth day of May, 1854, she was the owner of a strip of land situated in Oldtown, on the east side of Marshe's Island, containing twenty-five acres; that the defendant was her agent authorized to sell said land; that she resided in Boston, and was ignorant of its value; that the defendant, with the intention of defrauding her, falsely represented its value to be $350, when in fact it was of the value of $800, and thereby induced her to sell said land to him for the sum of $350. The writ was dated Sept. 18, 1854.

The plaintiff introduced a deed from herself, as administratrix of the estate of John Temple, to E. B. Pierce, of the premises, dated July 28th, 1851, and a quit-claim deed from Pierce to herself, dated July 31st, 1851, reconveying it to her; also a deed containing the usual covenants of warranty dated May 16th, 1854, from her to the defendant, conveying said premises to him for the consideration of $350; also a deed of

warranty from the defendant to one Twitchell, dated June 1st, 1854, conveying said premises for the consideration of $625 to him. The plaintiff also introduced evidence in relation to the agency of defendant.

Some correspondence between the parties was introduced, and also the testimony of Twitchell, in regard to offers made by him to defendant for the lands before the latter had purchased them of plaintiff.

The defendant then offered to prove certain facts which are fully stated in the opinion of the Court, but the evidence was excluded by the presiding Judge.

In all the negotiations between the parties and representations made by the plaintiff, it did not appear that the title to the premises was ever called in question.

The jury found a verdict for plaintiff for $208,40.

The defendant excepted to the rulings of the Court excluding the evidence offered by him.

*G. P. Sewall*, for defendant, cited *Crosby* v. *Chase*, 17 Maine, 369; 2 Smith's Leading Cases, 438, note in Duchess of Kingston's case; 2 Smith's Leading Cases, 457, note, and cases there cited.

*A. W. Briggs*, for plaintiff, cited *Wilkinson* v. *Scott*, 17 Mass. 249; *Campbell* v. *Knight*, 24 Maine, 334; 1 Greenl. Ev. 28.

TENNEY, C. J.—This action is for the recovery of damages, arising to the plaintiff, by reason of a fraud alleged to have been practiced by the defendant, in procuring title to lands, in the town of Oldtown, from her at a price below the actual value.

In her writ, the plaintiff alleges an authority in the defendant from her, to make sale of the lands, as her agent, she living at the time in Boston; and she proved that he received her deed of the lands, with covenants of warranty, for the consideration of the sum of $350, and in two weeks after conveyed the same with like covenants, to one, (who had, prior to the deed from the plaintiff, been in negotiation for the pur-

chase,) for the consideration of the sum of $625. The case finds, that it did not appear, that the title to the lands had been called in question.

The defendant offered to prove, that the husband of the plaintiff had no title to the lands, which she had shown were sold by her, as administratrix of his estate, to one Pierce, and by Pierce conveyed afterwards to her, except under a deed from one Thomas Bartlett, dated in 1846 ; that at the time of the conveyance from Bartlett, he had a wife, who is now living, that she did not release her right of dower in the premises, and that Bartlett was dead. Evidence was also offered, that Bartlett was seized of the interest, which he had in the lands, in common with other persons, and that there had been no division thereof. This evidence was not permitted to be introduced.

If the evidence offered had a tendency of itself to prove an incumbrance upon the lands, it would have contradicted the declarations in the covenants of the deed, which the defendant received from the plaintiff, and the deed, which he gave afterwards. No person having asserted in any mode a claim, which, if existing, would constitute an incumbrance in himself, the defendant is not permitted to prove those solemn declarations, made by himself, to be false, in the manner proposed.

But the proof offered, when taken alone, was insufficient to show an incumbrance upon the land, inasmuch as no proof was offered, that the widow of Bartlett was entitled to dower in the premises. It may have been land in such condition during the coverture, that she was not dowable therein. And no evidence was in the case, as shown by the exceptions, to supply this defect. Unless evidence is before the jury, which, with that offered and excluded, may be sufficient, if found true, to establish the proposition for which it is offered, when taken in the most favorable light for the party offering it, he cannot be regarded as really prejudiced by the exclusion.

*Exceptions overruled.*

HATHAWAY, APPLETON, MAY and GOODENOW, J. J., concurred.